UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
LILY RUBINSTEIN,

                Plaintiff(s),                    **REPORT AND**
                                               **RECOMMENDATION**
        -against-                    CV11-1750(SJF) (WDW)

CIGNA LIFE INSURANCE CO., GRIFFON
CORPORATION LONG TERM DISABILITY
PLAN, and GRIFFON CORPORATION LIFE
INSURANCE PLAN,
                        Defendant(s).
--------------------------------------------------------X

**WILLIAM D. WALL, United States Magistrate Judge:**

        Before me, on referral from District Judge Feuerstein, is a motion to dismiss by

defendants Griffon Corporation Long Term Disability Plan and Griffon Corporation Life

Insurance Plan (collectively, "the Plans"). DE[10]. The Plans seek to dismiss the plaintiff's

cause of action for equitable relief or alternative relief. The motion is opposed by the plaintiff,

who has also cross-moved to amend her Complaint. DE[11]. I recommend that the defendants'

motion be granted on the grounds set forth *infra*, and that the plaintiff's cross-motion be denied

for failure to annex a proposed amended complaint, but that the plaintiff be permitted to make a

further motion to amend if she chooses to do so, with the limitation set forth *infra*.

## BACKGROUND

        Plaintiff Lily Rubinstein filed this ERISA action against the Plans and CIGNA Life

Insurance Corporation of New York ("CIGNA") on 4/11/11. As set out in the Complaint,

Rubinstein was employed by Griffon Corporation and was a participant in the Griffon

Corporation Long Term Disability Plan ("the LTD Plan"), an employee welfare benefit plan

covered by ERISA. Benefits under the LTD Plan are funded exclusively by a group disability

policy issued by CIGNA to Griffon. The Complaint identifies CIGNA as the LTD Plan's claims

administrator.  *See* DE[1], ¶47(a).

The plaintiff alleges three causes of action: (1) a claim for benefits under the LTD Plan; (2) a claim against CIGNA for a statutory penalty for an alleged failure to provide a summary plan description; and (3) a cause of action for "Equitable Relief for Breach of Fiduciary Duties." Although it is not set out as a separate cause of action, the plaintiff also seeks a premium waiver for continued life insurance coverage.  DE[1], Complaint, Wherefore Clause, ¶B.  The Plans now move to dismiss the third cause of action, which specifically seeks: "(a) a permanent injunction prohibiting them[1] from repeating the bad faith conduct which led to the wrongful termination of Plaintiff's claim, in the handling of future claims of other claimants, and (b) an Order requiring the LTD Plan to replace Defendant [CIGNA] as the LTD Plan's claims administrator, and precluding the substituted claims administrator from requiring standards of proof in excess of that called for in the LTD Plan."  DE[1], ¶147.  On this motion, the Plan defendants seek to dismiss the third cause of action pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## DISCUSSION

**Rule 12 (b)(6) Standard:**

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), the Court applies a "plausibility standard," which is guided by two principles. *Ashcroft v. Iqbal,* ___ U.S. ___ , 129 S. Ct. 1937, 1949 (2009); *Harris v. Mills,* 572 F.3d 66, 72 (2d Cir. 2009).  First, the court accepts all factual allegations as true and draws all reasonable

---

[1]By "them," the plaintiff means the LTD Plan and CIGNA, who are alleged, in the paragraphs leading up to the relief sought, as having breached their fiduciary duties to the plaintiff.

inferences in the plaintiff's favor, but this tenet is inapplicable to legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Harris,* 572 F.3d at 72 (quoting *Ashcroft*). Second, "only complaints that state a plausible claim for relief" can survive a 12(b)(6) challenge. *Id.* Determining whether a complaint does so is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* In other words, the "purpose of a motion to dismiss for failure to state a claim under Rule 12(b)(6) is to test the legal sufficiency of a plaintiff's claims for relief." *St. John's Univ. v. Bolton,* 757 F. Supp. 2d 144, 156 (E.D.N.Y. 2010). With these standards in mind, I turn to the motion.

**Equitable Claim against the Life Insurance Plan:**

The Plans argue, first, that the equitable claim seeks no relief against the Griffon Corporation Life Insurance Plan, that the plaintiff does not allege that the Life Insurance Plan harmed her in any way relevant to the claim, and that the claim must thus be dismissed as against the Life Insurance Plan[2]. DE[10-1] at 4-5. The third cause of action alleges that Rubinstein "is entitled to equitable relief against Defendant and the LTD Plan as a consequence of their knowing and intentional breach of their respective fiduciary duties . . .," and the specific relief requested is directed at those two defendants, without reference to the Life Insurance Plan. Thus, the Plans argue, the third cause of action must be dismissed as against the Life Insurance Plan.

The plaintiff argues that she does allege harm by the Life Insurance Plan, because she is seeking a premium waiver for continued life insurance. DE[11-1] at 3. That harm, however, is

---

[2]Indeed, the only mention of the Life Insurance Plan in the Complaint is in the Wherefore Clause, §B, which asks that the Court "Order Defendant to waive any premium, and to provide coverage under the Life Insurance Plan."

unrelated to the allegations underlying the claim for equitable relief.  I agree with the Plans that

the third cause of action, on its face, does not impact the Life Insurance Plan.  I do not agree that

any formal dismissal is necessary.  The cause of action is not directed at the Life Insurance Plan

and cannot, in its current form, result in any relief against the Life Insurance Plan.  The plaintiff's

argument that reinstatement of insurance coverage may be permissible equitable relief under

ERISA may be true, but need not be addressed, because she does not seek such relief in her third

cause of action.

   The Plan's citation to two cases as support for the claim that the third cause of action

must be dismissed as against the Life Insurance Plan is perplexing.  A lack of pinpoint cites

leaves me wondering how exactly those cases support that proposition.  *See* DE[10-1] at 4 (citing

*Pritchett v. Artuz*, 2004 WL 1191958 (S.D.N.Y. May 27, 2004) and *Cavuoto v. Oxford Health*

*Plans,* 2000 WL 888263 (D. Conn.  June 22, 2000)).  In any event, I find that the third cause of

action is not directed at the Life Insurance Plan, could not reasonably be construed as being

directed at the Life Insurance Plan, and need not be dismissed as to the Life Insurance Plan

separately from being dismissed on it merits to the extent recommended *infra*.

**Standards for Injunctive Relief:**

   The Plans next argue that the third cause of action, which seeks injunctive relief, must be

dismissed as against the LTD Plan because the Complaint fails to allege sufficient facts in regard

to two of the elements necessary for granting an injunction - inadequate compensation at law and

the public interest element.  The Plans base this argument on the proposition that any plaintiff

seeking a permanent injunction, as Rubinstein is here, must demonstrate: "(1) that it has suffered

an irreparable injury; (2) that remedies available at law, such as monetary damages, are

inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."  DE[10-1] at 5 (citing *eBay, Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006)).  The plaintiff argues, however, that the common law requirements for injunctive relief set out in *eBay* are not applicable to statutory injunctions, or at least not applicable to injunctive relief under ERISA.  *See* DE[11-1] at 4, DE[13][3] at 2-3.

The cases relied on by plaintiff do support the proposition that courts have "wide discretion in fashioning equitable relief" under ERISA and that permanent injunctive relief, including an injunction barring a former ERISA fiduciary from providing services or acting as a fiduciary to any employee benefit plan, is available under ERISA.  *See Katsaros v. Cody,* 744 F.2d 270, 281 (2d Cir. 1984) & *Chao v. Merino,* 452 F.3d 174, 185 (2d Cir. 2006).  But those cases do not analyze the factors that have to be considered in granting injunctive relief in an ERISA case.  The court in *DaCosta v. Prudential Ins. Co. of America,* 2010 WL 4722393, *2 (E.D.N.Y. Nov. 12, 2010) analyzed a challenge to the plaintiffs' standing, and noted cases that "recognized a looser standing requirement for injunctive relief" in ERISA cases.  But those cases also do no set forth the elements that an ERISA plaintiff must demonstrate in order to obtain injunctive relief.  *DaCosta* cites to two Southern District cases as having held that "a plaintiff seeking injunctive relief under ERISA need not demonstrate any actual harm," but review of those cases reveals that they, too, considered standing issues and not the injunctive relief

---

[3]The plaintiff's Reply Memorandum of Law in Support of her cross motion to amend is, in substance, a sur-reply to the motion to dismiss that incidentally seeks permission to amend if the motion to dismiss is granted.  I have, however, considered the arguments set out in it, inasmuch as the defendants do not appear to have raised any objection to it as an impermissible sur-reply.

standards to be applied once standing was established.  *See DaCosta,* 2010 WL 4722393 at *2

(citing *Faber v. Metropolitan Life Ins. Co.,* 2009 WL 3415369, *4 (S.D.N.Y. Oct. 23, 2009) &

*American Medical Ass'n v. United HealthCare Corp.,* 2007 WL 1771498, *19 (S.D.N.Y. June

18, 2007)).

The defendants do not argue that Rubinstein lacks constitutional standing[4] (the issue in

*DaCosta*) or that injunctive relief is not available under ERISA.  They do argue that common law

requirements are applicable to statutory injunctions, including those issued under ERISA.  They

note that it is, and long has been, a "fundamental tenet of federal jurisprudence that injunctive

relief can be granted to a party only if there is no adequate remedy at law," and that requirement

has been reiterated by the Supreme Court in *eBay* - which considered injunctive relief under the

Patent Act - and subsequent Second Circuit cases.  *See* DE[12] at 4 and cases cited therein.  In

*Salinger v. Colting,* the Second Circuit, with reference to *eBay,* applied common law

requirements for injunctive relief to actions seeking permanent injunctive relief under the

Copyright Act, noting that "the traditional principles of equity [that *eBay*] employed are the

presumptive standard for injunctions in any context."  607 F.3d 68, 78 (2d Cir. 2010)(also noting,

at n.7, that "We see no reason that *eBay* would not apply with equal force in *any* type of

case)(emphasis added)).

I agree with the defendants and recommend a finding that the elements for injunctive

relief set out in *eBay* and applied in *Salinger* apply to applications for injunctive relief under

ERISA.  Thus, I turn to the Plan's contention that the Complaint fails to set forth sufficient facts

---

[4]They do argue that the plaintiff lacks "prudential" standing for the equitable relief she
seeks.  That issue is considered *infra*.

6

from which a reasonable inference can be drawn: (1) that remedies available at law, such as monetary damages, are inadequate to compensate for the claimed injury; and (2) that the public interest would not be disserved by a permanent injunction.

As to the first element, the Plans argue that Rubinstein has not alleged facts that support an inference that she could not be adequately compensated with monetary damages for the injury she allegedly suffered.  I disagree and recommend a finding that the Complaint does state facts that are sufficient, at this early stage of the litigation, to support a reasonable inference that Rubinstein might be entitled to both money damages and injunctive relief.  Under the applicable ERISA law, Rubinstein is free to seek relief, as she has done, under both 29 U.S.C. §1132(a)(1)(B) - for recovery of LTD benefits - and under 29 U.S.C. §1132(a)(3) - for equitable relief based on breach of fiduciary duty.  *See Devlin v. Empire Blue Cross and Blue Shield,* 274 F.3d 76, 89 (2d Cir. 2001); *Keir v. Unumprovident Corporation,* 2003 WL 2004422, *2 (S.D.N.Y. Apr. 29, 2003).  The Supreme Court has noted, with regard to ERISA claims, that "where Congress elsewhere provided adequate relief for a beneficiary's injury [i.e., relief under §1132(a)(1)(B)], there will likely be no need for further relief [i.e., relief under §1132(a)(3)] , in which case such relief normally would not be 'appropriate.'" *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996).  But the Second Circuit has explained that the "Supreme Court in *Varity Corp.* did not eliminate the possibility of a plaintiff successfully asserting a claim under both §502(a)(1)(B), to enforce the terms of a plan, and §502(a)(3) for breach of fiduciary duty; instead the Court indicated that equitable relief under §502(a)(3) would 'normally' not be appropriate." *Devlin*,  274 F.3d at 89.  Here, it is too early to say whether Rubinstein might be entitled to relief under both sections, even if such an outcome would not "normally" be appropriate, and  the

7

claim should not be dismissed on that basis on this motion to dismiss.  *See Keir,* 2003 WL

2004422; *see also Caplan v. CNA Short Term Disability Plan,* 479 F. Supp. 2d 1108, 1113 (N.D.

Cal. 2007); *Black v. Long Term Disability Ins.,* 373 F. Supp. 2d 897 (E.D. Wisc. 2005).

The Plans also argue that there are insufficient facts pleaded to allow a reasonable

inference regarding the public interest element. The Plans' arguments in this regard, however, are

premised on speculations about facts outside the Complaint that cannot be considered on this

motion to dismiss.  *See* DE[10-1 at 6-7.  Thus, those factors do not lead to a recommendation that

the claims for equitable relief be dismissed.  Other grounds for dismissal do exist, however.

**Paragraph 147(a)/Prudential Standing:**

In paragraph 147(a), Rubinstein asks that CIGNA and the LTD Plan be enjoined from

"repeating the bad faith conduct" that allegedly led to the termination of her benefits in "future

claims of other claimants.  In other words, Rubinstein wants the court to enjoin CIGNA and the

LTD Plan from, in the future, doing to other claimants the things they allegedly did to her in bad

faith, whatever those things might be.  The defendants argue that the claim must be dismissed

because Rubinstein lacks "prudential standing" to bring claims on behalf of third parties.  The

concept of standing "subsumes a blend of constitutional requirements and prudential

considerations."  *McClellan v. E.I. DuPont De Nemours & Co.,* 2006 WL 3751583, *15

(W.D.N.Y. Dec. 19, 2006).  Prudential standing embodies "judicially self-imposed limits on the

exercise of federal jurisdiction," and the Supreme Court has held that "prudential standing

encompasses [*inter alia]* the general prohibition on a litigant's raising another person's legal

rights."  *Selevan v. New York Thruway Authority,* 584 F.3d 82, 91 (2d Cir. 2009)(citing *Elk

Grove Unified Sch. Dist. v. Newdow,* 542 U.S. 1, 11-12 (2004)).

The Supreme Court has held that "Congress may grant an express right of action to persons who otherwise would be barred by prudential standing rules." *Warth v. Seldin,* 422 U.S. 490, 501 (1975).  The Second Circuit, applying this to ERISA actions, has found that it "need not consider 'the prudential contours of the standing doctrine' because Congress, in enacting ERISA . . .[overrode] prudential limits by statute." *McClellan v. E.I. DuPont Nemours & Co.,* 2006 WL 3751583, *15 (W.D.N.Y.  Dec. 19, 2006)(quoting *Financial Inst. Ret. Fund v. Office of Thrift Supervision,* 964 F.2d 142, 147 (2d Cir. 1992)).  A cursory reading of this holding would lead to the conclusion that we cannot consider the prudential standing argument advanced by the Plans on this motion, but I do not find that to be the case.  In *Financial Institutions* and *McClellan,* the courts considered whether the plaintiffs' standing to bring claims on their own behalf should be subjected to a prudential review, and decided not, because ERISA itself lists those entities that have standing to bring claims pursuant to 29 U.S.C. §1132(a) - that is, the Secretary of Labor, as well as a participant, beneficiary, or fiduciary of an ERISA plan - and the plaintiffs fell into one or more of those categories.  But nothing in those cases supports a conclusion that a plaintiff can bring a claim <u>only</u> on behalf of third parties in contravention of fundamental principles of prudential jurisprudence.

The Plans do not appear to argue that an ERISA claimant cannot seek relief on behalf of <u>both</u> herself and similarly situated plan participants or beneficiaries, but that Rubinstein seeks relief in the first prong of the third cause of action <u>only</u> for others and not for herself.  They state that the issue here is "whether a plaintiff may seek injunctive relief explicitly formulated to vindicate only the alleged rights of persons other than herself without pleading some fact from which the Court could find a sufficient commonality of interest between Plaintiff and those on

9

whose sole behalf she seeks relief."  DE[12] at 8-8.

The plaintiff argues that the claim should not be dismissed on that ground, because the Supreme Court has "established that individual participants or beneficiaries may seek relief that inures to the benefit of the plan as a whole and is not focused on the rights of individual beneficiaries."  DE[13] at 4 (citing *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 140, 142 n.9, 144 (1985)(as cited in *Keir*, 2003 WL 2004422 at *3)).  The plaintiff's argument is misplaced, however.  While the Supreme Court, in *Massachussets Mutual*, did note "Congress' intent that actions for breach of fiduciary duty be brought in a representative capacity on behalf of the plan as a whole," and that the "draftsmen were primarily concerned with the possible misuse of plan assets, and with remedies that would protect the entire plan, rather than with the rights of an individual beneficiary," Rubinstein is not seeking relief on behalf of the plan, but on behalf of future beneficiaries other than herself.  473 U.S. at 142 and n.9.  The ruling in *Massachussets Mutual* is thus inapplicable here.

I agree with the movants that the relief Rubinstein seeks goes outside the bounds of prudential standing, and that the claim set forth in that paragraph 147(a) of the Complaint should be dismissed.  Although Rubinstein has standing to bring a claim for equitable relief for herself, she does not have standing to do so exclusively on behalf of unnamed and unknowable potential future claimants.

Further, she seeks an injunction barring CIGNA and the LTD Plan from engaging in "the bad faith conduct" that led to the "wrongful termination" of her claim.  It is impossible to determine, however, precisely what conduct she means. The complaint sets forth at length alleged bad conduct by CIGNA and the LTD Plan in reviewing records about Rubinstein, but the

10

words "bad faith" do not appear in the Complaint prior to paragraph 147, and  one can only guess as to what precise conduct she would like to have enjoined in the future.  For these reasons, the claim in paragraph 147(a) should be dismissed.

**Paragraph 147 (b):**

      In her third cause of action, Rubinstein also asks for an Order: (1) requiring the LTD Plan to replace CIGNA as the LTD Plan's claims administrator and (2) directing that the new LTD Plan administrator be precluded from "requiring standards of proof in excess of that called for in the LTD Plan."  Complaint, ¶147(b).  The Plans argue that this provision, which is premised on a breach of fiduciary duty by CIGNA and the LTD Plan, must be dismissed because the plaintiff has failed to join an indispensable party - that is, a fiduciary, plan administrator, and/or the employer.  DE[10-1] at 9-10.  The Plans also argue that the "fiduciaries" alleged to have breached their duty in the plaintiff's claim are CIGNA and the LTD Plan, that the LTD Plan is described in the Complaint as an employee welfare benefit plan covered by ERISA, and that an employee welfare benefit plan as defined in ERISA §3(3) cannot be a fiduciary with respect to itself.  DE[12] at 9-11.  Because the LTD Plan is not, and cannot be, a fiduciary, they urge, no breach of fiduciary duty claim can be asserted against the Plan.  The plaintiff argues that the administrative record indicates that the LTD Plan, plan administrator and employer are one and the same[5].  DE[11-1] at 10-11; DE[13] at 6-7.  I look first to the question of whether the LTD Plan is or could be a fiduciary under ERISA and thus subject to a claim of breach of fiduciary duty.

---

      [5]The administrative record is not before the court on this motion.  The plaintiff's claim cannot be correct, however, as explained *infra*.

**Can an ERISA Plan be its own Fiduciary?**

There is a split of opinion on the issue of whether an employee welfare benefit plan can be a fiduciary under the definitions set out in ERISA[6].  ERISA provides, in pertinent part, that "a fiduciary is a person with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, . . . or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. . . ."  29 U.S.C. §1002(29)(A).  The term "person" is defined as "an individual, partnership, joint venture, corporation, mutual company, joint-stock company, trust, estate, unincorporated organization, association, or employee organization."  29 U.S.C. §1002(9).  Applying these definitions, a few courts have found that a plan or a fund can qualify as a fiduciary under §1002(21)(A), as least for the purpose of bringing suit.  *See, e.g., Saramar Aluminum Co. v. Pension Plan for Employees of Aluminum Indus. & Allied Indus.,* 782 F.2d 577 (6th Cir. 1986)(employee benefit plan a fiduciary where, as a party before court, plan necessarily included administrative board with full power to administer plan and effectuate its policies); *Contract Cleaning Maintenance, Inc. v. Marks,* 1995 WL 495922 (N.D. Ill. 1995)(plan a fiduciary if it could present evidence that it met functional qualifications of §1002(21)(A)); *Milwaukee Carpenter's Dist. Council Health Fund v. Philip Morris, Inc.,* 70 F. Supp. 2d 888 (E.D. Wis. 1999)(finding possibility that plans could be fiduciaries if they had substantial control over assets, management, or administration of ERISA plan); *Flanagan Lieberman Hoffman & Swaim v. Transamerica Life and Annuity Co.,* 228 F. Supp. 2d 830 (S.D. Ohio 2002)(ERISA plan a fiduciary in that it was nothing less than its

---

[6]See cases set forth in 178 A.L.R.Fed. 129 (originally published in 2002).

administrators, who were also fiduciaries); *United States Steel Min. Co., Inc. v District 17,*

*United Mine Workers of America,* 897 F.2d 149 (4th Cir. 1990)(fund had standing as fiduciary to

bring suit).

  Other courts, however, including the Second Circuit, have either found or noted in *dicta*

that an ERISA welfare benefit plan or fund cannot be a fiduciary under §1002(21)(A).  The

Second Circuit has stated that it found it difficult to imagine a situation in which an ERISA fund

could fulfill a role that would confer standing as a participant, beneficiary or fiduciary as defined

in §1002(21)(A).  *Pressroom Unions-Printers League Income Sec. Fund v. Continental*

*Assurance Co.,* 700 F.2d 889, 893 n.8 (2d Cir. 1983).  The Southern District, relying on the

Second Circuit's observation that the §1002(21)(A) definition of a fiduciary would seem to

exclude the possibility of a plan acting as a fiduciary, found that the plaintiff plans lacked

fiduciary status.  *Eastern States Health & Welfare Fund v. Philip Morris, Inc.,* 11 F. Supp. 2d

384, 400-401 (S.D.N.Y. 1998).  The Western District found that an ERISA pension fund was not

a fiduciary, finding that the fund had presented no authority for the proposition that fund could

act as a fiduciary's agent, and citing the Second Circuit's comments in *Pressroom*.  *United Auto*

*Workers Local 55 Area Wide Ret. Income Fund v. Cina,* 1999 WL 222597, *2 (W.D.N.Y. Apr.

12, 1999).

  Cases in other Circuits and Districts have also found that a plan cannot be a fiduciary

under the definitions in ERISA or questioned whether that was possible. *See, e.g., International*

*Union of Bricklayers and Allied Craftsmen v. Menard & Co. Masonry Bldg. Contractors,* 619 F.

Supp. 1457 (D. R.I. 1985)(plan could not be considered among its own fiduciaries); *Boucher v.*

*Williams,* 13 F. Supp. 2d 84 (D. Me. 1998)(employee benefit plan not a "person" under ERISA,

and thus not subject to claims of breach of fiduciary duty); *Teamsters Pension Trust Fund of Philadelphia & Vicinity v. Littlejohn Pens. Plan Guide,* 1997 WL 11292 (E.D. Pa 1997)(ERISA fund could not be sued for breach of fiduciary duties where, *inter alia,* definition of "person" does not include a fund and even if it did, fund cannot be a fiduciary with respect to itself); *Brennan v. Consolidated Rail Corp. Matched Sav. Plan,* 2000 WL 217664 (E.D. Pa. 2000)(finding, as a matter of law, that plan is not a fiduciary, owed no fiduciary duties, and could not be sued for breach of such duties); *Riley v. Murdock,* 828 F. Supp. 1215 (E.D. N.C. 1993)(ERISA plan not a fiduciary); *Midwest Operating Engineers Welfare Fund v. Uphoff,* 1988 WL 74736 (N.D. Ill. 1988)(plan could not be its own fiduciary and ERISA definitions clearly contemplate that benefit plan and fiduciary are distinct entities).

I agree with the decisions finding that a plan cannot be a fiduciary under the relevant definitions, and recommend that finding and the dismissal of the third cause of action as to the LTD Plan for that reason. The definitions of fiduciary and person set out in ERISA, in my opinion, render a finding that a plan is a fiduciary wrong, even if the Complaint alleges that the plan carried out the functions of a fiduciary.  Further, I do not accept the plaintiff's odd claim that, here, the plan, the employer and the plan administrator are one and the same.  There may be overlap between the employer and the plan administrator, but the plan and the employer cannot possibly be "the same thing."  For these reasons, I also recommend a finding that a claim in an Amended Complaint alleging that the plan is itself a fiduciary would be futile. The fact that the plan is not and cannot be a fiduciary to itself does not, however, necessarily lead to the conclusion that Rubinstein has failed to join an indispensable party and I turn to that argument.

14

**Failure to Join an Indispensable Party**

The Plans argue that the prong of the claim that seeks to replace the claims administrator, that is, CIGNA, must be dismissed because Rubinstein has failed to name as a defendant an entity with authority to dismiss one claims administrator and appoint another, that is, the plan's fiduciary. *See* DE[10-1] at 10. That argument must, however, fail. While it seems odd to think that CIGNA could be ordered to replace itself, I can make no reasoned finding as to who the Plan fiduciaries are, because the Plans have not indicated anywhere in their papers who those fiduciaries might be. Further, I have no idea what the Plan's written provisions are for replacement of claims administrator and I do not have the Plan or the administrative record before me, although either party could have relied on it on this motion to dismiss inasmuch as it was incorporated by reference in the Complaint and thus can be considered in the determination of this motion[7]. Thus, I recommend a finding that the claim not be dismissed on the ground of failure to join an indispensable party.

To the extent that the Plans argue that the plaintiff cannot seek the dismissal and replacement of the claims administrator as equitable relief under ERISA, they are wrong. That relief can be sought and has, on occasion, been granted. *See, e.g., Chao v. Merino,* 452 F.3d 174, 185 (2d Cir. 2006). Although such relief would appear to be limited to extreme circumstances, it is too early in this lawsuit to determine whether such relief could be awarded, and the claim

---

[7]In deciding a Rule 12 motion, the court may consider documents upon which the plaintiff relied when drafting the complaint, including documents "incorporated in it by reference, . . . matters of which judicial notice may be taken, or . . . documents either in plaintiff['s] possession or of which plaintiff[] had knowledge and relied on in bringing suit."*Green v. The City of New York,* 438 F. Supp. 2d 111, 119 (E.D.N.Y. 2006)(quoting *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir. 2002)(additional internal citations omitted).

should not be dismissed now.

**Severance of the Claim for Equitable Relief:**

Finally, the Plans argue that, should the claim for equitable relief be allowed to stand, it should be severed pursuant to Rule 21.  Although I have already recommended that the claim in paragraph 147(a) be dismissed as against both CIGNA and the LTD Plan on prudential standing grounds and the entire claim as against the LTD Plan because it is not a fiduciary, I address the severance claim for completeness, in the event that Judge Feuerstein does not adopt those recommendations.  In determining whether to sever a claim, the court must consider; "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *Todaro v Siegel Fenchel & Peddy, P.C.* 2008 WL 682596, *2 (E.D.N.Y. Mar. 3, 2008).  Here, the claims under the two sections of ERISA do arise out of the same transaction or occurrence - the process used to deny Rubinstein's LTD benefits; the claims present some of the same common questions of law or fact; there is no suggestion that settlement of the claims would be facilitated and, to the extent that such a determination can be made at this time, little indication that judicial economy would be served by severance; again, at the early stage of the litigation, it cannot be said that the defendants would be prejudiced without severance; and, while different witnesses and documentary proof may be required, some will overlap.  I find no basis for recommending severance at this time.

16

**Cross Motion to Amend:**

Rubinstein's cross motion to amend must be denied, inasmuch as she did not annex a proposed amended complaint to the motion.  *U.S. Underwriters Ins. Co. v. Ziering,* 2010 WL 3419666, *2, n.2 (E.D.N.Y. 2010)(citing *Colida v. Nokia Am. Corp.*, 2006 WL 2597902, *3 (S.D.N.Y.  Sept. 11, 2006)(in making motion to amend, party must attach proposed amended complaint so that Court and opposing party have opportunity to understand exact changes proposed).  As noted earlier, the cross motion is not so much a motion to amend as a sur-reply to the motion to dismiss.  Rubinstein should, however, be permitted to make a further motion to amend, except as to the issue of whether the Plan is an ERISA fiduciary, which, if my recommendation is accepted, is decided as a matter of law in the negative.

## SUMMARY OF RECOMMENDATIONS

In sum, I recommend the following findings:

(1)  The Third Cause of Action does not apply to the defendant Life Insurance Plan and need not be formally dismissed as to that defendant.

(2) The standards for injunctive relief as set forth by the Supreme Court in *eBay, Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006), apply to ERISA actions, but do not provide a ground for dismissal of the Third Cause of Action.

(3) The Plaintiff lacks prudential standing for the relief sought in Paragraph 147(a) and that prong of the Third Cause of Action should be dismissed as against both the LTD Plan and CIGNA.

(4) The Third Cause of Action should be dismissed in its entirety as against the LTD Plan because the LTD Plan cannot be a fiduciary under the applicable definitions set forth in ERISA and is not subject to a breach of fiduciary duty claim.

(5) I cannot conclude, on the record before me, that the plaintiff has failed to join an indispensable party to effect the relief sought in paragraph 147(b), and I do not recommend dismissal on that ground.

(6) There is no basis for recommending severance of the Third Cause of Action.

(7) The plaintiff's cross motion to amend should be denied based on her failure to annex a proposed amended complaint, but she should be permitted to move to amend if she chooses to do so once Judge Feuerstein has considered and ruled on this Report and Recommendation.

**OBJECTIONS**

A copy of this Report and Recommendation is being sent to counsel for the parties by electronic filing on the date below.  Any objections to this Report and Recommendation must be electronically filed within 14 days.  *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72;  Fed. R. Civ. P. 6(a) and 6(d).  Failure to file objections within this period waives the right to appeal the District Court's Order.  *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
        September 27, 2011

                                                     /s/ William D. Wall
                                                    WILLIAM D. WALL
                                                    United States Magistrate Judge

18