# LAW OFFICES OF
# JD JEFFREY DELOTT

| | |
|---|---|
| **366 NORTH BROADWAY** | **445 BROAD HOLLOW ROAD** |
| **SUITE 410** | **SUITE 25** |
| **JERICHO, NY  11753** | **MELVILLE, NY  11747** |
| | |
| **TELEPHONE** | **FACSIMILE** |
| (888) 572-0861 | (516) 942-4385 |

October 26, 2011

<u>**BY ECF & FAX: (631) 712-5636**</u>
Hon. Sandra J. Feuerstein
U. S. District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722-4438

    Re:  <u>**Rubinstein v. CIGNA, 11-cv-01750 (SJF)(WDW)**</u>

Dear Judge Feuerstein:

    I write on behalf of Plaintiff Lily Rubinstein to request leave of court to file a response to the untimely objections that Defendants Griffon Corporation Long Term Disability Plan and Griffon Corporation Life Insurance Plan (collectively, the "Plans") filed yesterday to the September 27, 2011 Report and Recommendation (the "R&R") of Magistrate Judge William D. Wall (the "Response").

    Federal Rule of Civil Procedure 72(b)(2) provides:

> Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy.  Unless the district judge orders otherwise, the objecting party must promptly arrange for transcribing the record, or whatever portions of it the parties agree to or the magistrate judge considers sufficient.

While the Plans filed the Response to Plaintiff's objections within 14 days after being served with a copy, the Plans violated Rule 72(b)(2) by filing objections twenty-nine (29) days after being served with a copy of the R&R.  Since Rule 72(b)(2) does not address the objector's right to submit additional comments, Plaintiff seeks leave to file a response.

Rule 72(b)(2) is unambiguous.  A party has 14 days to file objections to a Magistrate Judge recommended disposition, and then a party has 14 days to respond to a party's objections.  The parties were served with the R&R on September 27, 2011.  October 11, 2011 was 14 days later.  Plaintiff filed objections to the R&R 14 days after it was served, on October 11, 2011.  The Plans did not file any objections to the R&R prior to October 11, 2011.  By failing to file objections to the R&R prior to October 11, 2011, the Plans waived their right to have the Court consider any objections.  *Knox v. P.L.O.*, 229 F.R.D. 65, 68-69 (S.D.N.Y. 2005).  The Plans' failure to object timely to the R&R operates as a waiver to judicial review.  *Ajayi v. David,* 389 Fed.Appx. 66, 67 (2010); *Caldo v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008)(citations omitted); *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993); *Lee v. Lending Tree,* 473 F.Supp.2d 435, 436 (S.D.N.Y. 2007); *Dreyer v. Ryder,* 367 F.Supp.2d 413, 415 (W.D.N.Y. 2005); *Accord*, *Min v. Target Stores,* 553 F.Supp.2d 218, n. 3 (E.D.N.Y. 2008)(the Court refused to consider the plaintiff's untimely response to the defendant's objections).

Plaintiff's objections ask the Court to reject the Fourth Recommendation of the R&R.  As Plaintiff's objections were served on October 11, 2011, the Plans had until October 25, 2011 to respond to the objections.  The Plans' Response has three sections.  The first section of the Response asks the Court to overrule to Plaintiff's objections.  However, the second and third sections of the Response do not respond to Plaintiff's objections.

The second section of the Response asks the Court to adopt the Third Recommendation of the R&R, and is not a response to Plaintiff's objections.  Rather, the second section of the Response is a surreptitious sur-reply in further support of the Plans' motion to dismiss.  The Plans' attempt to circumvent the motion rules and submit additional argument in support of their position should not be condoned.

The third section of the Response is an even more egregious violation of procedural rules.  The third section is an objection to the First Recommendation of the R&R.  The Plans claim that they are seeking to modify a mistake that the Magistrate Judge made.  The Plans had until October 11, 2011 to file any objections to what they perceived was an error by Magistrate Wall.  The third section of the Response is the Plans' attempt to evade the rules by mischaracterizing an objection as a purported response to Plaintiff's objections.  The Plans' sandbagging tactic deprived Plaintiff of the right to respond to the Plans' objections.  This is the same type of sharp practice that justifies Plaintiff's request that the Court invoke its discretion to refrain from making any decision on the R&R's Fourth Recommendation until discovery is completed and the Plans' disclose the identities of the Plan administrators.

On the one hand, the Plans argued that the LTD Plan cannot be held liable for a fiduciary breach because the Plan is not the Plan Administrator.  The R&R accepted the Plans' contention that it cannot be the LTD Plan, although *Flanagan Lieberman Hoffman & Swaim v. Transamerica Life and Annuity Co.,* 228 F.Supp.2d 830, 840 (S.D.Ohio 2002), which is one of the cases that the Magistrate Judge Wall noted was contrary to his R&R, found that no distinction could be drawn between the plan and the plan administrator.  Somebody was responsible for appointing CIGNA.  Somebody was responsible for monitoring CIGNA.

On the other hand, the Plans have taken great pains to conceal the identity of the LTD Plan Administrator(s). It is not disputed that the fiduciary duty to monitor the conduct of CIGNA exists. The only issue is whether the LTD Plan can be held liable for that fiduciary duty. The R&R concluded as a matter of law that the Plan cannot be a fiduciary duty, even though it cited half dozen cases where courts held a plan qualified as a fiduciary under 29 U.S.C. §1002(21)(A). R&R pp. 12-13. *See also, Mullins v. Prudential Ins. Co. of America*, 2010 WL 4318851 at*9 (W.D.Ky. Oct. 25, 2010). The LTD Plan's intentional and conspicuous refusal to disclose the identity of the Plan administrators (no doubt because it suspects the duty to monitor has been breached), and its patent disregard of the rules, should leave the court with the firm conviction that an error has been made.

The Court owes no deference to the R&R, Rule 72(b)(3), 28 U.S.C. § 636(b)(1), and does have "wide discretion in fashioning equitable relief to protect the rights of pension fund beneficiaries." *Katsaros v. Cody,* 744 F.2d 270, 281 (2d Cir. 2006). Plaintiff respectfully urges the Court to use its discretion to sustain Plaintiff's objections to the R&R. Alternatively, the Court should modify the R&R by staying the adoption of any portion of it until discovery is completed and the Plans' disclose the identities of the Plan administrators. The Court could then decide either that no distinction should be made between the LTD Plan and Plan Administrator, or that Plaintiff should amend the complaint to add the Plan Administrator as a defendant. It makes little sense, and would be a waste of judicial resources, to dismiss the equitable claims against the LTD Plan, only to have to reinstate those claims if discovery reveals that the LTD Plan is indemnifying the LTD Plan Administrator.

          Respectfully submitted,
          **LAW OFFICES OF JEFFREY DELOTT**

By: _____
     Jeffrey Delott, Esq.

Email: jeffdelott@iwantmydisability.com
Web Site: iwantmydisability.com
Blog: disabilitylawyerblog.com